UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>U.S. Attorney's Office<br>555 Fourth Street, NW<br>Washington, DC 20530,<br><br>      Plaintiff,<br><br>   v.<br><br>$6,999,925.00 OF FUNDS ASSOCIATED WITH VELMUR MANAGEMENT PTE LTD,<br><br>      Defendant In Rem, and<br><br>VELMUR MANAGEMENT PTE. LTD.,<br>2 Marina Boulevard, #66-08<br>The Sail @ Marina Bay<br>Singapore (018987),<br><br>TRANSATLANTIC PARTNERS PTE. LTD.,<br>10 Anson Road, #29-05A<br>International Plaza<br>Singapore (079903),<br><br>      Defendants. | Civil Action No. 17-1705 (RC) |

## STATUS REPORT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully states as follows:

1. On August 22, 2017, the Government instituted this action asserting a civil forfeiture claim against an *in rem* defendant, $6,999,925.00, and a claim for a civil money-laundering penalty against Velmur Management Pte. Ltd. ("Velmur") and Transatlantic Partners Pte. Ltd. ("Transatlantic") (collectively, the "*In Personam* Defendants"). *See* ECF 1.

2. The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") govern civil forfeiture actions *in rem* arising from a federal statute. *See* Supplemental Rule A(1)(B). Supplemental Rule G(4)(b) requires the government to "send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant. Fed. R. Civ. P. Supp. R. G(4)(b). The government sent notice of this action to all known potential claimants pursuant to the procedures set forth in Rule G(4) of the Supplemental Rules. No claims based on direct notice were filed.

3. Supplemental Rule G(4)(a) also requires the government to publish notice of the forfeiture "to an official internet government forfeiture site for at least 30 consecutive days." FED. R. CIV. P. SUPP. R. G(4)(a)(iv)(C). On September 25, 2017, the government began posting such notice on an internet site, http://www.forfeiture.gov, for 30 consecutive days. *See* ECF 3. Any verified claim in response to the notice by internet publication had to be filed no later than November 23, 2017. *See* FED. R. CIV. P. SUPP. R. G(5)(a)(ii)(B). No claims based on publication were filed.

4. The *In Personam* Defendants are businesses incorporated in Singapore. On December 7, 2017, this Court authorized the government to send notice via other means to the *In Personam* Defendants, namely via international package delivery service. *See* ECF 6.

5. Defendant Velmur and defendant Transatlantic were served with process via international package service. The *In Personam* defendants failed to file a responsive pleading prior to the deadline passing.

6. On February 6, 2018, the government filed an affidavit for default, in which the undersigned swore under penalty of perjury that notice as to all parties has been completed. *See* ECF 10.

7.  On February 9, 2018, the Clerk of the Court entered default.

8.  On February 28, 2018, counsel for defendant Transatlantic entered an appearance indicating that it seeks to set aside default.

9.  The government and counsel for defendant Transatlantic have had initial conversations about the status of the instant proceeding.

10. Counsel for defendant Transatlantic has requested until April 6, 2018, to collect information and confer with the government.

11. The government believes that default judgment is appropriate;[1] however, the government seeks leave to confer with counsel for defendant Transatlantic about their request for relief.

WHEREFORE, the government respectfully requests leave to submit an additional status report or a motion for default judgment no later than April 9, 2018.

Respectfully submitted,

JESSIE K. LIU
United States Attorney

By:  */s/ Zia M. Faruqui*
Zia M. Faruqui, D.C. Bar No. 494990
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W., 4th Floor
Washington, D.C.  20530
(202) 252-7117

---

[1] The government has informed counsel for defendant Transatlantic that the government has not agreed to toll the untimeliness of any potential claim/answer during this time while defendant Transatlantic collects information.