# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>$6,999,925.00 OF FUNDS ASSOCIATED WITH VELMUR MANAGEMENT PTE LTD,<br><br>      Defendant In Rem, and<br><br>VELMUR MANAGEMENT PTE. LTD.,<br><br>TRANSATLANTIC PARTNERS PTE. LTD.,<br><br>      Defendants. | Civil Action No.<br>1:17-CV-1705-RC |

## STATUS REPORT

In response to the Court's Order of September 18, 2018, Transatlantic Partners Pte. Ltd. ("Transatlantic Partners" or the "Defendant"), hereby respectfully states as follows:

1. On December 4, 2017, the United States of America filed a Motion for Order Permitting Service by Other Means under Federal Civil Rule of Procedure 4(f)(3), which authorizes a court to permit service on a party in a foreign country "by other means not prohibited by international agreement, as the court orders," or, in the alternative, under Rule 4(f)(2) "by a method that is reasonably calculated to give notice." Fed. R. Civ. P. 4(f)(3), 4(f)(2). The Government requested the Court to authorize service on the Defendant by means of certified mail and international package delivery service at the Defendant's last known address.

2. On December 7, 2017, the Court granted the Government's motion and ordered that the

Defendant be served by certified mail and international package delivery service at the Defendant's last known address.

3. On February 28, 2018, Brigida Benitez filed a Notice of Appearance in the above-captioned matter on behalf of Transatlantic Partners.

4. On September 18, 2018, Transatlantic Partners appeared before the Court at a scheduled status hearing for the above-captioned matter. Following that status hearing, the Court ordered Transatlantic Partners to advise the Court as to the Defendant's position on whether service was proper as to the Defendant within thirty days.

5. Because service in this matter was carried out via Court-ordered service by other means, Transatlantic Partners does not anticipate challenging the validity of that service under United States law in future proceedings in the above-captioned matter.

6. However, Transatlantic Partners takes no position on the validity of service under Singapore or Russian law, and reserves the right to challenge service under those laws in any future proceedings outside this Court's jurisdiction.

7. Furthermore, if and when Transatlantic Partners were to oppose a Motion for Default Judgment, Transatlantic Partners may reference the circumstances surrounding service in connection with establishing its good-faith basis for delay in responding to the Complaint.

    Respectfully submitted,

    */s/ Brigida Benitez*

    Brigida Benitez (DC Bar 446144)
    Brian Egan (DC Bar 472262)
    Jessica Piquet Megaw (DC Bar 1029760)
    *Counsel to Transatlantic Partners Pte. Ltd.*
    Steptoe & Johnson LLP
    1330 Connecticut Ave., NW
    Washington, DC 20036
    (202) 429-6261